```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
LAURENCE BROWN,                     )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No.
                                    )   22-11277-NMG
CHRISTOPHER DELMONTE, Bridgewater   )
Police Chief,                       )
        Defendant.                  )
_____)
```

ORDER

GORTON, J.

On August 8, 2022, *pro se* plaintiff Laurence Brown, ("Brown") initiated this action by filing a complaint (ECF No. 1) accompanied by a motion (ECF No. 2) to waive filing and service fees. On September 1, 2022, Brown filed a motion (ECF No. 4) seeking permission to file an addendum to his complaint.

A person commencing a non-habeas civil action must (1) pay a $350 filing fee and a $52 administrative fee; or (2) file an application to proceed without prepayment of fees (also referred to as a motion or application to proceed *in forma pauperis*). See 28 U.S.C. §§ 1914(a); 1915(a)(1).

A person seeking to proceed *in forma pauperis* in a federal district court must submit a financial affidavit that identifies all of the litigant's assets and shows that he is unable to pay the filing fee. See 28 U.S.C. § 1915(a)(1). The determination

1

of what constitutes "unable to pay" or unable to "give security therefor," is left to the sound discretion of the district court based on the information submitted by the plaintiff. Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed. Appx. 157 (2d Cir. 2002) (citing Williams v. Estelle, 681 F.2d 946, 947 (5th Cir. 1982)).

"[O]ne must [not] be absolutely destitute to enjoy the benefit of the [*in forma pauperis*] statute" and the [*in forma pauperis*] statute does not require an individual to "contribute ... the last dollar they have or can get." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" Fridman, 195 F. Supp. 2d at 537 (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978)).

In his one-page motion for leave to proceed *in forma pauperis*, Brown represents that his sole source of monthly income is from a social security payment which is "below the court system's poverty level." (ECF No. 2). Brown attaches to his motion a copy of a notice stating his 2022 benefit amount. Id.

Although Brown asserts that his income is limited to a monthly social security payment, he failed to submit a financial affidavit that identifies all of his assets and that shows how he is able to access the basic necessities of life.  Without such information, the Court cannot evaluate whether Brown qualifies for *in forma pauperis* status.

If Brown wishes to proceed without prepayment of the filing fee, he must file a renewed motion for leave to proceed *in forma pauperis* by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs.  He must supplement the form with additional information demonstrating how he is provided the basic necessities of life and must report any support—monetary or in kind—he has received from other individuals such as a spouse or other next friend.

Finally, Brown seeks to file an addendum to his complaint that consists of legal citations to Second Amendment caselaw. While a complaint must contain facts "'to state a claim to relief that is plausible on its face,'" Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011) (citation omitted), an "exposition of [plaintiff's] legal argument," is not required, Skinner v. Switzer, 562 U.S. 521, 530 (2011).  A plaintiff's complaint does not need to "pin his claim for relief to a precise legal theory." Id.  Rather, a plaintiff is required to state with sufficient facts a "claim to relief that is plausible

3

on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Accordingly:

1. Brown's Motion to Waive Filing and Service Fees (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

2. IF Brown wishes to pursue this action, he shall by **October 31, 2022** either (1) pay the $402 filing fee or (2) file an Application to Proceed in District Court Without Prepaying Fees or Costs with a statement reporting any support he receives from a spouse or next friend.  Failure to do so will result in dismissal of this action without prejudice. The clerk shall send Brown an Application to Proceed in District Court Without Prepaying Fees or Costs.

3. Brown's Motion to Allow the Addition of an Addendum to his Complaint (ECF No. 4) is **DENIED**.

**So Ordered.**

Dated: October 11, 2022

/s/ Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE